# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES J. MELTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-1318 |
| | : | |
| SEPTA, 5TH FLOOR | : | |
| CLAIMS DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                                                                                                                             **July 27, 2023**

        Plaintiff Charles J. Melton filed a *pro se* complaint asserting claims arising from his removal from a SEPTA subway train and platform by SEPTA personnel while he was allegedly experiencing a medical crisis. Plaintiff asserts claims against SEPTA's "Claims" and "Counselor" Departments, and unnamed SEPTA officers. Currently before the Court are Plaintiff's Complaint,[1] and his Motion for Leave to Proceed *In Forma Pauperis*.[2] For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss with prejudice his constitutional claims, and dismiss without prejudice his claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") and any state law claims. Plaintiff will be granted leave to file an amended complaint.

---

[1] Compl. [Doc. No. 2].

[2] Mot. Leave Proceed *In Forma Pauperis* [Doc. No. 1].

I.    **FACTUAL ALLEGATIONS**[3]

Plaintiff completed the Court's non-prisoner complaint form and supplemented it with a typewritten recitation of his factual allegations.[4] The events giving rise to his claim allegedly occurred in the late afternoon on March 23, 2023, on a SEPTA subway train approaching the City Hall station.[5] Plaintiff alleges that he was traveling on the SEPTA subway from a job fair to the Temple University library when the alarm on his continuous blood glucose monitor went off, alerting him to a low blood sugar condition.[6] Plaintiff, who is a Type I diabetic, alleges that his blood glucose level had dropped to 24 mg/dL.[7] Plaintiff alleges that he remained on the subway when it stopped at City Hall and ate fruit and cookies and drank fruit punch to treat his low blood sugar.[8] While doing so, he noticed SEPTA employees laughing at him and "talking against" him.[9] In response, he told them that he was a Type I diabetic.[10] Two SEPTA officers allegedly forced him to leave the subway and climb the stairs to leave the station.[11] Plaintiff alleges that they did not ask if he was alright and did not offer any assistance, but only escorted him out of the subway station and told him not to return to the subway that afternoon.[12] He alleges that they

---

[3] The allegations set forth in this Memorandum are taken from Melton's Complaint. *See* Compl. [ECF No. 2]. The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] *See* Compl. [Doc. No. 2].

[5] Compl. [Doc. No. 2] at 4.

[6] Compl. [Doc. No. 2] at 4.

[7] Blood sugar below 70 mg/dL is considered low and requires immediate treatment. *See* https://www.cdc.gov/diabetes/basics/low-blood-sugar-treatment html#:~:text=Blood%20sugar%20below%2070%20mg,and%20to%20treat%20it%20immediately (last accessed June 30, 2023).

[8] Compl. [Doc. No. 2] at 4.

[9] Compl. [Doc. No. 2] at 4.

[10] Compl. [Doc. No. 2] at 5.

[11] Compl. [Doc. No. 2] at 6.

[12] Compl. [Doc. No. 2] at 5-6.

carried his bags out of the station and reiterates that they did not call a Philadelphia EMT though he kept repeating that he was a Type I diabetic.[13]

Plaintiff asserts claims for excessive force and malicious prosecution, and failure to assist in the face of a life-threatening situation.[14] He also asserts claims under the ADA and the RA.[15] He requests an award of monetary damages.[16]

## II.    STANDARD OF REVIEW

The Court will grant Plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[17] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[18] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[19]

---

[13] Compl. [Doc. No. 2] at 6.

[14] Compl. [Doc. No. 2] at 6.

[15] Compl. [Doc. No. 2] at 6.

[16] Compl. [Doc. No. 2] at 6.

[17] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).

[19] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations do not suffice.[20] As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.[21]

## III. DISCUSSION

### A. Constitutional Claims

The Court understands Plaintiff to be asserting possible claims against SEPTA officers based on their removal of him from the SEPTA subway and station with unnecessary force and without cause, and their failure to assist him during a medical crisis he experienced while on the SEPTA subway. The Court also understands Plaintiff to be asserting a claim against SEPTA. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[22]

#### 1. Excessive Force and Malicious Prosecution Claims

Plaintiff asserts claims for excessive force and malicious prosecution against Defendant SEPTA Officers who removed him from the subway and escorted him from SEPTA property. These claims will be dismissed because they are not plausible.

"When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons . . . against unreasonable . . . seizures of the person.'"[23] An excessive force claim is analyzed under an

---

[20] *Iqbal*, 556 U.S. at 678.

[21] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[22] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[23] *Finnemen v. SEPTA*, 267 F. Supp. 3d 639, 647 (E.D. Pa. 2017) (internal quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

"objective reasonableness" standard, which takes into account the facts and circumstances of each case, such as whether the suspect poses a threat, is resisting arrest, or attempting to flee.[24] "The Third Circuit has held that 'an unarmed individual who is not suspected of a serious crime—including one who is verbally uncooperative or passively resists the police—has the right not to be subjected to physical force such as being grabbed, dragged, or taken down.'"[25]

In his Complaint, Plaintiff alleges that Defendant Officers made him get off the subway, told him to walk up the stairs and out of the station, carried his bags up the stairs, and told Plaintiff not to return to the subway that day.[26] He does not allege that either of the officers made any physical contact with him, that he himself suffered any physical injury, or that the Defendants retained his personal possessions. These allegations do not state a plausible excessive force claim under the Fourth Amendment.[27] Plaintiff's excessive force claim will be dismissed.

Plaintiff also appears to assert a malicious prosecution constitutional claim against the officers. To state a claim for malicious prosecution, Plaintiff must allege that "(1) the defendant[] initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.'"[28] Although Plaintiff includes the words "malicious prosecution" and "probable cause" in his

---

[24] *Id.*

[25] *Rawlings v. Southeastern PA Transp. Auth.*, No. 19-4698, 2022 WL 15525755, at *5 (E.D. Pa. Oct. 27, 2022) (denying summary judgment where passenger who jumped turnstile was tackled and suffered bruises)) (quoting *El v. City of Pittsburgh*, 975 F.3d 327, 340 (3d Cir. 2020); *see Wood v. Southeastern PA Transp. Auth.*, No. 14-4183, 2016 WL 2619411, at *7-8 (E.D. Pa. May 6, 2016) (denying summary judgment where passenger who refused to consent to search of his vehicle was slammed into the vehicle by SEPTA officers).

[26] Compl. [Doc. No. 2] at 5, 6.

[27] *See, e.g., Finnemen*, 267 F.Supp.3d at 648 (granting summary judgment in favor of defendant SEPTA officers where plaintiff testified that officers did not push, shove, hit, kick, or insult him in the course of arrest).

[28] *Id.* at 648-49 (quoting *Estate of Smith v. Mascaro*, 318 F.3d 497, 521 (3d Cir. 2003)).

Complaint, he does not allege that the Defendants initiated criminal proceedings against him or that he was subject to any legal proceeding that resulted in a deprivation of his liberty. Therefore, his constitutional claims based on malicious prosecution claim is not plausible and must be dismissed.

### 2.     Claims Against SEPTA

Plaintiff names SEPTA's 5th Floor Claims Department and Counselor Department as Defendants.[29] Liberally construed, by naming these departments, Plaintiff may be asserting a constitutional claim against SEPTA based on the conduct of the unnamed SEPTA officers. However, for the following reasons, he has not stated a plausible claim and any claim against SEPTA will be dismissed.

"SEPTA is a Pennsylvania government agency that is treated as a municipality for purposes of claims brought under § 1983."[30] As such, SEPTA cannot be liable under a theory of respondeat superior.[31] Rather, in order to state a plausible claim against SEPTA, Plaintiff must allege that SEPTA had a policy or custom that resulted in a violation of his constitutional rights.[32] The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.[33] Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.[34]

---

[29] Compl. [Doc. No. 2] at 2.

[30] *Meadows v. Southeastern PA Transp. Auth.*, No. 16-2074, 2016 WL 6495127, at *3 (E.D. Pa. Nov. 2, 2016) (citing *Searles v. Southeastern PA Transp. Auth.*, 990 F.2d 789, 790 (3d Cir. 1993); *Feingold v. Southeastern PA Transp. Auth.*, 517 A.2d 1279, 1275-76 (Pa. 1986)).

[31] *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).

[32] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citation omitted).

[33] *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).

[34] *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) (collecting cases) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.").

Plaintiff does not allege that the conduct of the SEPTA officers who removed him from the subway and escorted him from SEPTA's premises were guided by a policy or custom endorsed by SEPTA. As a result, he has not stated a plausible claim against SEPTA and any such claim must be dismissed. Plaintiff will not be granted leave to amend his constitutional claims because to do so would be futile for the reasons explained above.[35]

### B. Claims under the ADA and the RA

The Court liberally construes Plaintiff's Complaint as asserting a claim against SEPTA under Title II of the ADA and Section 504 of the RA based on his removal from the SEPTA subway and station by the unnamed Defendant SEPTA Officers when he was experiencing a low blood sugar condition, and their admonition that he not return to use the subway that day.[36] Claims under Title II of the ADA and Section 504 of the RA are analyzed together because "the substantive standards for determining liability are the same."[37] To state a plausible claim under either the ADA or the RA, Plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he was either excluded from participating in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

---

[35] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

[36] Compl. [Doc. No. 2] at 5, 6. Section 504 of the RA provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a). Section 202 of the ADA provides: "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

[37] *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (quoting *McDonald v. Com. of Pa., Dep't of Pub. Welfare Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995)).

7

disability."[38] The RA also requires that Plaintiff allege that SEPTA receives federal funding.[39] Because he seeks compensatory damages, Plaintiff must also allege "intentional discrimination under a deliberate indifference standard because he seeks compensatory damages."[40]

To allege deliberate indifference, a plaintiff must assert plausibly that (1) the defendant had "knowledge that a federally protected right is substantially likely to be violated," and (2) "the [defendant] failed to act despite that knowledge."[41] To allege that he is a "qualified individual with a disability," Plaintiff must allege that he has a "disability" which is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual. . . ."[42] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[43]

The proper defendant under a Title II ADA claim is the public entity or an individual who controls or directs the functioning of the public entity.[44] The proper defendant under an RA claim is the public entity receiving federal assistance.[45] Here, the only proper defendant under Plaintiff's ADA and RA claims would be SEPTA. Therefore, to the extent Plaintiff seeks to

---

[38] *Redmond v. Southeastern PA, Transp. Auth.*, No. 09-5075, 2010 WL 1141210, at *3 (E.D. Pa. Mar. 23, 2010) (citing 42 U.S.C. 12132) (additional citations omitted).

[39] *Id.*

[40] *Furgess*, 933 F.3d at 292 (citing *H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013)); *Redmond*, 2010 WL 1141210, at *4.

[41] *Id.* at 292 (internal quotation marks omitted).

[42] 42 U.S.C. § 12102(1)(A). Due to the "parallel definitions of disability" between the ADA and the RA, courts use them interchangeably. *See e.g.*, *Marshall v. Sisters of Holy Fam. of Nazareth*, 399 F. Supp. 2d 597, 607 (E.D. Pa. 2005) (quoting *McDonald*, 62 F.3d at 95).

[43] 42 U.S.C. § 12102(2)(A).

[44] *See Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002) (citation omitted).

[45] *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (citation omitted) ("[S]uits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals").

allege ADA and/or RA claims against the individual Defendants named in the Complaint, those claims will be dismissed with prejudice.

To the extent that Plaintiff seeks to assert these claims against SEPTA (which the Court notes is not a named Defendant), this claim undeveloped. While Plaintiff does not specifically assert that he is a qualified individual with a disability, he does allege that he is a Type I diabetic and that he was in an active episode at the time of the incident. However, he does not include allegations that the conduct engaged in by the Defendant Officers was the result of intentional discrimination. He has not alleged that SEPTA receives federal funding. Thus, Plaintiff has not stated a plausible claim under the ADA or the RA.

The Court will dismiss Plaintiff's ADA and RA claims without prejudice, only to the extent that Plaintiff can clearly allege that (1) he is a qualified individual with a disability; (2) he was denied the benefits of SEPTA's services or was otherwise discriminated by SEPTA; and (3) such denial of benefits or discrimination was due to his disability. Plaintiff need also allege that SEPTA receives federal funding. Finally, Plaintiff must specifically allege that SEPTA had knowledge that a federally protected right was substantially likely to be violated, and that SEPTA failed to act despite that knowledge.

### C.   State Law Claims

The Court also understands Plaintiff to be asserting possible state law claims against the Defendant SEPTA Officers who removed him from the subway and escorted him from SEPTA property. To the extent that he asserts state law claims, because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"[46] An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.[47] "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."[48] It is the plaintiff's burden to establish diversity of citizenship.[49]

Plaintiff does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, Defendants may be Pennsylvania citizens or entities. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss his constitutional claims with prejudice, and dismiss his state law claims and claims under the ADA and the RA without prejudice. Plaintiff will be granted leave to amend his

---

[46] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (alteration in original) (internal footnotes omitted) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

[47] *See Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011) (citation omitted).

[48] *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

[49] *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (holding that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

ADA and RA claims, and his state law claims if he can successfully allege diversity jurisdiction.

An appropriate Order accompanies this Memorandum.